UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HENRY C. PAYTON                                                                                   PETITIONER

V.                                                                      CIVIL ACTION NO.: 3:08cv108-DPJ-FKB

SAM WINCHESTER                                                                                RESPONDENT

ORDER

This Petition for Writ of Habeas Corpus [1] is before the Court on the Report and Recommendation [20] of Magistrate Judge F. Keith Ball.  The magistrate judge recommended dismissal of Payton's Petition because he procedurally defaulted on his speedy trial claim, and because his remaining claims failed to show an unreasonable application of clearly established federal law, as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d) (2006).  The Court agrees.

The magistrate judge provided a thorough recitation of the case and analysis of the issues.  Although Payton disputed a few factual statements in the Report and Recommendation, those facts were not material to the legal analysis.  The majority of Payton's objection merely reargues the issues already addressed by Judge Ball.  Therefore, the Court will simply adopt the Report and Recommendation without repeating the background information and analysis.  The Court will, however, address one issue raised in Payton's Objection—the magistrate judge's allegedly incorrect assumption regarding the state court's denial of Payton's second motion for post-conviction relief.

Payton filed two state-court petitions for post-conviction relief.  Both asserted a due-process violation arising from the 500+ day delay between the Mississippi Supreme Court's reversal of his first conviction and his second trial.  The Mississippi Supreme Court denied this

claim in Payton's first petition on the grounds of procedural default. The court denied Payton's second petition without explanation. Judge Ball concluded that the second "denial was undoubtedly based either upon the fact that the petition was successive or that the reasons given in the previous order were equally applicable to the second petition." Report & Recommendation [32] at 4–5 n.1. He therefore recommended denial of the federal writ on this claim under the "independent and adequate state procedural rule" doctrine. *Id.* at 6. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Ulster Cnty. Court v. Allen*, 442 U.S. 140, 148 (1979); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)).

Payne now attacks the magistrate judge's conclusion, arguing that it relies on an improper "assumption." Pet'r's Obj. [35] at 4. He claims that, because his second petition was denied "without a written opinion, . . . the magistrate is only speculating in regards to why the PCR was denied." *Id.* at 7. But Payton argues to no avail. Federal courts sitting in habeas review of a petitioner's state-court conviction "presume that there is no independent and adequate state ground for a state court decision" when that "decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at 734–35 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). But under *Coleman*, only two categories of state-court decisions are entitled to such a presumption—those in which the court clearly rested its analysis on federal law and those in which the court's judgment was interwoven with federal law. *Id.* at 739. Confronting a state-court judgment that made "no mention of federal law," the *Coleman* Court held that the state

court's "three sentence dismissal order" was entitled to a presumption that it rested "primarily on *state law*." *Id.* at 740 (emphasis added).

Similarly, the Mississippi Supreme Court's one sentence denial of Payne's second post-conviction relief motion is entitled to a presumption that it rested primarily on state law.  Thus the magistrate correctly concluded that federal habeas review of Payton's speedy trial claim is barred unless Payton can show either cause and prejudice or a fundamental miscarriage of justice resulting from dismissal.  Payton has shown neither.  *Cf. Barker v. Wingo*, 407 U.S. 514 (1972) (denying habeas relief where petitioner failed to show denial of speedy trial resulted in prejudice).

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE